UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-348-RJC

| | | |
|---|---|---|
| DAVID E. SIMPSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| GERALD BRANKER, Warden, Central Prison, | ) ) ) ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Defendant Gerald Branker's ("Respondent") Motion for Summary Judgment. (Doc. No. 7).

I.  BACKGROUND

Petitioner David Simpson ("Petitioner") was convicted in federal court on fraud and money laundering charges on October 17, 2003. Simpson v. Dail, No. 5:09-hc-2109, 2010 WL 3835137, at *1 (E.D.N.C. Sept. 28, 2010). Petitioner was released from federal custody on June 4, 2007 and arrested by state authorities on July 22, 2007 on charges of felonious assault inflicting serious injury on a law enforcement officer, four counts of felonious possession of stolen goods, and one count of misdemeanor resisting a public officer. Id. This Court then revoked Petitioner's federal supervised release for violating the conditions of his release in that he committed these state law crimes. Id.

Petitioner entered an Alford[1] plea on February 4, 2011 to the charges described above. (Doc. No. 8-2). Judge W. David Lee sentenced Petitioner to 27 to 33 months' imprisonment for

---

[1] North Carolina v. Alford, 400 U.S. 25, 37 (1970) (allowing a defendant to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

the assault conviction, one consecutive term of 12 to 15 months' imprisonment for the possession convictions, and a consecutive term of sixty days' imprisonment for the resisting arrest conviction. (Doc. Nos. 8-2 at 2; 8-3). Petitioner is now a federal prisoner again, incarcerated in Butner Federal Correctional Complex. But when he filed this Petition, he was a prisoner of the State of North Carolina. (Doc. No. 1).

During the three-year period between his arrest and plea, Petitioner filed a "Writ of Mandanna for Relief" and three writs of certiorari in the North Carolina Supreme Court, three writs of certiorari with the North Carolina Court of Appeals, and an action in the Eastern District of North Carolina. Simpson, 2010 WL 3835137, at *2. The State dismissed all of his filings and the Eastern District dismissed his action without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971). Id. at *3-4.

After his plea, on May 2, 2011, Petitioner filed a writ of certiorari in the North Carolina Court of Appeals. (Doc. No. 8-6). The Court of Appeals dismissed his writ on May 24, 2011. (Doc. No. 8-8). Petitioner then filed a Petition for a Writ of Habeas Corpus in the North Carolina Court of Appeals on June 3, 2011. (Doc. No. 8-9). The Court of Appeals dismissed the petition on June 6, 2011. (Doc. No. 8-10). Petitioner then turned to the North Carolina Supreme Court, filing a Petition for a Writ of Habeas Corpus there on June 6, 2011. (Doc. No. 8-11). The Supreme Court denied the petition on June 15, 2011. (Doc. No. 1-2 at 9).

Finally, Petitioner pursued North Carolina's designated habeas vehicle by filing a Motion for Appropriate Relief ("MAR") in Union County Superior Court on June 10, 2011. (Doc. No. 8-12). Petitioner added a petition for writ of habeas corpus with the Union County court on June 23, 2011. (Doc. No. 1-2 at 7). The court denied the habeas petition on June 29, 2011, but did not decide his MAR. (Id.). Exhausted by his efforts to appeal to North Carolina courts,

Petitioner filed this 2254 Petition in this Court on July 28, 2011.  (Doc. No. 1).  In Petitioner's September 25, 2011 response to the Respondent's summary judgment motion, Petitioner argued that Union County was "holding on to the Motion for Appropriate Relief to keep [him] from filing on in the other courts."  (Doc. No. 10 at 7).  The Union County Superior Court Clerk informed the Court on August 27, 2012 that Petitioner's MAR is still pending.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is material only if it might affect the outcome of the suit under governing law.  Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party.  The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Id. at 322 n.3.  The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment.  Id. at 324.  The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v.

3

Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. ANALYSIS

Section 2254 requires the applicant to exhaust his state remedies before this Court could grant relief. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). "The exhaustion requirement, though not jurisdictional, is strictly enforced." Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Granberry v. Greer, 481 U.S. 129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 522 (1982)). "Exhaustion of state remedies as an essential predicate for the maintenance of a federal proceeding by a state prisoner under § 2254, 28 U.S.C., rests not only on salutary principles of comity but on the positive command of the statute itself. Until the State has been accorded a fair opportunity 'by any available procedure' to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state prisoners should stay their hand." Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975)).

In North Carolina, a prisoner may ordinarily exhaust his state court remedies by filing a direct appeal of his conviction with the North Carolina Court of Appeals and then petitioning the

North Carolina Supreme Court for discretionary review, or by filing a MAR in the trial court and then petitioning the North Carolina Court of Appeals for a writ of certiorari. But direct appeal is not available from a guilty plea. N.C. GEN. STAT. § 7A-27. Challenges to guilty pleas are available by way of a motion for appropriate relief filed in the original action. N.C. GEN. STAT. §§ 15A-1411; 15A-1420.

Despite Petitioner's extensive state and federal filings, he has failed to exhaust his claims. Petitioner did not file his MAR until June 10, 2011 and did not await the MAR court's ruling before filing this action. The Union County Superior Court Clerk informs this Court that Petitioner's MAR is still pending. Thus, Petitioner has not yet exhausted his state avenues of relief. This Court must **DISMISS** his Petition without prejudice to his re-filing after the MAR court issues its ruling and he petitions the North Carolina Court of Appeals for review of any negative findings.

## IV. CONCLUSION

Petitioner has not yet exhausted his habeas claims before North Carolina's courts. Therefore, Respondent's Motion for Summary Judgment, (Doc. No. 7), is **GRANTED** and Petitioner's 2254 Petition, (Doc. No. 1), is **DISMISSED without prejudice**.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 7), is **GRANTED**; and
2. Petitioner's 2254 Petition, (Doc. No. 1), is **DISMISSED without prejudice**.

Signed: September 19, 2012

*[signature: Robert J. Conrad, Jr.]*

Robert J. Conrad, Jr.
Chief United States District Judge